THE LAW OFFICES OF
# FREDERICK K. BREWINGTON

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

Frederick K.Brewington
Albert D. Manuel III
Cobia M. Powell

Of Counsel
Oscar Holt III
Jay D. Umans

July 22, 2024

***VIA ELECTRONIC MAIL***
Honorable Arlene R. Lindsay
United States Magistrate Judge
United States District Court
814 Federal Plaza
Central Islip, NY 11722

>            *Re:    Cruz v. County of Suffolk, et.al.*
>                   *Docket No.: CV-22-993 (ARL)*

Dear Judge Lindsay:

As your records reflect, we are the attorneys representing the Plaintiff, Christopher Cruz, in the above-referenced action. We write following multiple emails between counsel a phone *Meet and Confer* conference and a series of interactions all of which prompt the writing of this letter. First, I write to advise the Court that discovery in this matter has not been concluded, and in fact has stalled for a number of reasons outlined below. Second, we provide this letter as a pre-motion letter for sanctions and ask for a conference with Your Honor. Further, we ask that discovery be extended due to extreme circumstances.

After a full round of what Plaintiff understood to be completed document disclosure and production and the beginning of the scheduling and taking of depositions a serious event occurred. After the taking of Mr. Cruz's deposition, but before the conducting of any of the depositions of the Defendants, on March 25, 2024 my office received an anonymous envelope which was addressed to my office and bore a return address of my office. That envelope was opened with caution as there have been several incidents of hate and acts of intimidation that we have experienced through the mail. Once opened, enclosed we found a copy of a Suffolk County Police Department Internal Affairs Report relating to the subject matter of the instant lawsuit. Initially, it was stamped in during the regular course of business and believed to be disclosure coming from the County Defendants. Upon a more careful review, it became clear that this item was not from any of the Defendants in this case and was not coming to our office as part of the disclosure obligations of the Defendants. We then checked our files to confirm that this document had not been disclosed before, with the conclusion that it had not.

The evaluation of this document, which contained 50 pages essentially left our jaws on the floor and raised a myriad of questions. We had never been advised of the existence of this document or any documents relating to an Internal Affairs Investigation, no less a report having been issued.

The examination served to inform us that this report contained some 19 findings of substantiated wrong doings and violations by a number of Suffolk County Police Officers and referenced a number of other items, statements, documents, interviews and correspondence that had not been provided to our office in any fashion. After an initial evaluation and review of this document, and an in house conferral, we noted that this was a document dated January 30, **2022.** We then rechecked our electronic files and paper files to confirm that in the more than two years since the filing of this case, that this document had not been disclosed, identified or referenced. Our re-evaluation left us with the determination that the County had not provided this document to us. On April 15, 2024 we then Bates stamped this document and disclosed same to Defendants along with a letter which stated in part :

[E]nclosed please find Plaintiff's Supplemental Disclosures provided pursuant to FRCP 26(A). The disclosure and attached document are provided having been obtained not from Defendants and outside the discovery process. Although previous demands were made to Defendants they have failed to disclose this Internal Affairs Report as they were obligated. Clearly, based on the dates of the document, this is information which was known to Defendants, in their possession, yet not disclosed to Plaintiff. (See Exhibit A)

In that same letter we asked:

Now that we have obtained a copy of this report outside the discovery process and after Defendants' willful failure to disclose it, we do not consider this document confidential. We demand that you inform us under what authority you have withheld this document, why the County Defendants' response to Document Request 19 was "*Objection on grounds of irrelevance and overbreadth.*" (See Exhibit A)

Following that letter, the parties engaged in an exchange of emails, which are contained in Exhibit B. Those exchanges not only referenced the fact that information had been withheld from Plaintiff's Counsel, but also demanded an explanation of under what authority the information, which had come into our possession outside of the discovery process, had been denied to Plaintiff. Counsel for the County seemed to blame the Counsel for the individual Defendants and no satisfactory response was provided as to how and why this failure to disclosed occurred.

It is clear that the Defendants intentionally withheld this document for over two years, up until and through the period in which Mr. Cruz was subjected to what amounts to a deposition by ambush, which denied us the opportunity to use the report to conduct further investigations, evaluations, and identifications, including a more detailed *Monell* discovery. It is now apparent more than ever that we have been seriously injured and prejudiced as the Defendants in this matter neither initially disclosed nor referenced in their responses to discovery the findings within the IAB report, and Mr. Cruz was deposed without the benefit of knowing –to a limited extent– that his abusers were disciplined for violating their duties as badge holders.

2

Unquestionably, Plaintiff was unfairly prejudiced to the extent that the promotion of fairness within the discovery process was circumvented, and the Defendants failed to comply with the basic fundamentals of this critical phase in litigation, giving rise to sanctionable actions, and serious Discovery violations. Plaintiff has been deprived of more than two years of opportunity to track down information, cross reference the statements of Defendants, interview witnesses, conduct background work and identify related and additional documents. Mr. Cruz has been tormented this entire time believing that those persons who abused him were not even being questioned about their wrongful acts. What Defendants have engaged in is no minor failure. Instead, it is a wanton abuse of the discovery process aimed to harm and hamstringing the Plaintiff and his pursuit of a quantum of justice. As set forth in Exhibit C (Email of April 18, 2024), Ms. Zwilling informed me that she had the IAB file at least by July 21, 2023. Still, same was not provided to Counsel.

We have now been able to review the volume of documents which have been improperly withheld (some of which have been redacted) and are clear that the Court's intervention is necessary to address this serious violation by Defendants. We believe that a conference with the Court and the parties will help to sort this matter out as the depositions of Defendants which were about to occur just before these documents came to Plaintiff's knowledge have not occurred given the volume of the late disclosure and the redaction and exclusion of pages of the record accumulated as part of the IAB investigation. No motion has been made for a protective order, as we expected would be made by Defendants. Instead, the documents relating to Defendants' objections have either been withheld or redacted without leave of Court.

After much back and forth, on May 7, 2024, Counsel Defendant Cameron supplied our office with a four page letter of objections and a thumb drive of 1224 pages of documents never produced before by any of the Defendants. All of these documents are critical and should have been known to Plaintiff and his Counsel long before the taking of Plaintiff's deposition, and in fact, should have been clearly identified in Defendants' initial disclosure following the filing of this case, which apparently took place a month after the IAB report was issued. Defendants cannot claim ignorance. In Exhibit B we wrote to the County Defendants that, "[i]f you are claiming some form of protection for the violations Defendants have committed, you should state what those are to the Court and not blow smoke giving us vague and undefined phrases. We are entitled to know now and nothing less is acceptable." This request, like others, has not been honored.

Following this grossly, belated disclosure, a criminal justice reporter with Newsday contacted our Office by letter dated May 8, 2024 (Exhibit D), seeking access to and copies of any IAB records, witness statements and any other documents related to the violence, abuse, and continued manipulation of process against our client. Now that our Office has obtained an overdue copy of this report outside of the discovery process, due to the Defendant's wanton concealment, the issue of whether the IAB report falls outside the ambit of confidential materials protected by the Stipulation of Confidentiality, and is therefore subject to disclosure to any person or entity working in the public

3

interest is raised. It is our position that the public has a right to know about what has happened in this case and that Defendants have so hampered the administration of justice, that disclosure of the report would be proper.

Within and beyond this immediate case, the public's access to the IAB record helps safeguard the quality, integrity, and respect in our judicial system, and permits the public to meaningfully engage in public discourse and observe the workings of the administration of justice. The public's interest in the openness of the legal system is at its zenith when issues concerning the transparency and integrity of police misconduct investigations are involved. Further, it follows that the Defendant cannot have their cake and eat it too by stretching the bounds of the four corners of the Stipulation of Confidentiality agreement to cover undisclosed materials outside of its terms. This Office humbly requests your honor's guidance on the press's request for information and Mr. Cruz's right to relief.

First, we ask that the Court extend the discovery deadline in this matter based on the disclosure that was made outside of the discovery process and then the disclosure of more than 1200 pages of document that had been withheld and never identified before May 7, 2024 by Defendants. Second, we ask that the Court accept this letter as a pre-motion letter for sanctions against Defendants for the failure to identify, no less disclose this report and the entire IAB file. Third, we ask the Court to conduct a conference with the parties to address the matters outlined in this letter, including the request by the press, and set a path forward for the parties.

We thank you in advance for your consideration and courtesy.

Respectfully submitted,
*Frederick K. Brewington*
FREDERICK K. BREWINGTON

FKB.pl
Encls.
cc: All Attorneys (*via ECF*)

4

# EXHIBIT A

# THE LAW OFFICES OF
# FREDERICK K. BREWINGTON

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

Frederick K. Brewington
Albert D. Manuel III
Cobia Powell

Of Counsel
Oscar Holt III
Jay D. Umans

April 15, 2024

### *VIA ELECTRONIC MAIL AND CERTIFIED RETURN RECEIPT REQUESTED MAIL*
Kyle Wood, Esq./ Anthony LaPinta, Esq.
Reynolds, Caronia, Gianelli & LaPinta, P.C.
200 Vanderbilt Motor Parkway, Suite C-17
Hauppauge, New York 11788

William P. Nolan, Esq.
1103 Stewart Avenue Suite 200
Garden City, NY 11530

Arlene S. Zwilling, Esq.
Suffolk County Attorney
100 Veteran Memorial Highway
Hauppauge, New York 11788-0099

> Re:    Cruz v. County of Suffolk, et.al.
>        Docket No.: CV-22-993 (ARL)

Dear Counselors:

With respect to the above referenced matter, enclosed please find Plaintiff's Supplemental Disclosures provided pursuant to FRCP 26(A). The disclosure and attached document are provided having been obtained not from Defendants and outside the discovery process. Although previous demands were made to Defendants they have failed to disclose this Internal Affairs Report as they were obligated. Clearly, based on the dates of the document, this is information which was known to Defendants, in their possession, yet not disclosed to Plaintiff. Specifically, Suffolk was requested to:

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19
Provide true and accurate copies of any and all investigations, documents, notes, memorandum, directives, orders, findings, determinations, reports and conclusions conducted by Internal Affairs and/or any individuals, persons, officers, agencies charged with the responsibility to investigate the conduct of Defendant Police Officers that were involved in the search, seizure, and any interaction with Plaintiff on the date of the incident.

In response to this demand no Internal Affairs Bureau (IAB) Report or Internal Affairs documents were provided. It is clear now that Defendants have had the IAB Report for over two years and during that time have intentionally withheld this document from Plaintiff. You have subjected Mr. Cruz to a deposition all the time knowing that this document exists and have deprived Plaintiff and his counsel of the opportunity to use this document to conduct investigations; engage in interviews; submit followup demands; identify potential witnesses; seek the production of audio taped interviews of the multiple officers; seek the production of witnesses who were not officers; seek and review the notes of IAB investigators; question the timing of the conclusion of the IAB investigation even before Mr. Cruz was interviewed; evaluate the findings of the IAB report to conduct further and more detailed *Monell* discovery; as well as other considerations. Clearly, this report was in Defendants' possession before the instant Federal case was filed and yet it was never referenced or listed in the Defendants' Initial Disclosures. Unquestionably, the actions of Defendants have intentionally sought to deny Plaintiff that which he is entitled, have prejudiced the Plaintiff, tainted the discovery process and have unreasonably extended this litigation.

Now that we have obtained a copy of this report outside the discovery process and after Defendants' willful failure to disclose it, we do not consider this document confidential. We demand that you inform us under what authority you have withheld this document, why the County Defendants' response to Document Request 19 was "*Objection on grounds of irrelevance and overbreadth.*" Further, Defendants are requested to advise us why Plaintiff should not seek sanctions for the withholding of these documents including monetary sanctions and equitable remedies, including the release of these non-confidential documents to the public. Please advise us of your responses by Wednesday no later than 2:00 p.m. Thank you.

If you should have any questions or require additional information, please do not hesitate to contact me at the above noted phone number.

Sincerely,

*Frederick K. Brewington*
FREDERICK K. BREWINGTON

Enclosure
FKB:lvo

2

# EXHIBIT B

| From: | Frederick Brewington |
| To: | "Zwilling, Arlene"; William Nolan; Anthony LaPinta |
| Cc: | D"Arcangelo, Cheryl; Kyle Wood; A. Shamel D. Manuel; Cobia Powell; Precilla Lockett |
| Subject: | RE: Supplemental Rule 26 Disclosure |
| Date: | Wednesday, April 17, 2024 9:32:15 PM |
| Importance: | High |

Ms. Zwilling,

I am troubled by your email for several reasons. Much of what you suggest leaves us concerned that what you are saying is not trustworthy. You first provided information purporting to be responsive to our interrogatories and document request (which were improper in form) in October 2023. No reference or mention was made to an IAB Report and no privilege was exerted. In fact, at that time you advised that you would produce responsive document pursuant to a confidentiality agreement. We then engaged in discussions about the content and form of such a document. Then the stipulation of confidentiality was executed in January 2024. Following the execution of that document you failed to provide us any further disclosures, failed to supplement your previous submissions and failed to identify the existence of this 50 page IAB report. Then you moved forward and noticed and took our client's deposition without every providing or mentioning the IAB report that had been completed one month before we filed our client's Federal Complaint. At this point, it is necessary to state that you have some gall trying to turn the tables on us, by asking if we had the IAB report at the time of our client's deposition, when you knew about and obviously hid it from us at the time of his deposition. Ms. Zwilling look at the date stamped on when we received it! Don't think that this tactic will work. It will not. Our letter to you with our initial disclosure answers your question.

You have acted in a unprofessional and dishonest manner and for you to try and lay some blame on our office and the Plaintiff for your willful violations is, in itself, sanction-able. Your attempt to now state that you did not turn over records because you were acting on behalf of the other lawyers and defendants, who you don't represent, is inexcusable. You know that it was your obligation to disclose this IAB Report and attempting to blame the other lawyers for not even telling us of the existence of this report is preposterous. Are you now disclosing that you let the other counsel know that you had this document and did not produce it because of their concerns? If so, you are suggesting that Mr. Nolan and Mr. Wood colluded with you to withhold this crucial document. Is that what you are saying? **You must clarify this issue, as my experience with both of those attorneys is to the contrary.**

Our efforts at this point have demonstrated great restraint. However, you have pushed the limit. **If you continue to play games and fail to answer our simple inquiries, be assured we will seek the most serious form of sanctions and make it clear how you and the County of Suffolk are abusing the process and the rules.**

**Frederick K. Brewington, Esq.**
**Law Offices of Frederick K. Brewington**
556 Peninsula Boulevard
Hempstead, New York 11550
Email: fred@brewingtonlaw.com
Website: www.brewingtonlaw.com

Office Phone: 516-489-6959
Fax Number: 516-489-6958
*Pronouns: He/Him/His*

CONFIDENTIALITY NOTE: The information contained in this e-mail transmission is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender at (516) 489-6959, or by reply e-mail and destroy all copies of the original message. Thank you.

**From:** Zwilling, Arlene [mailto:Arlene.Zwilling@suffolkcountyny.gov]
**Sent:** Wednesday, April 17, 2024 3:50 PM
**To:** Frederick Brewington <fred@brewingtonlaw.com>; William Nolan <wpnesq@gmail.com>; Anthony LaPinta <amlapinta@rcgllaw.com>
**Cc:** D'Arcangelo, Cheryl <Cheryl.Darcangelo@suffolkcountyny.gov>; Kyle Wood <kwood@rcgllaw.com>; A. Shamel D. Manuel <a.shamel.manuel@brewingtonlaw.com>; Cobia Powell <cobia.powell@brewingtonlaw.com>; Precilla Lockett <precilla.lockett@brewingtonlaw.com>
**Subject:** Re: Supplemental Rule 26 Disclosure

The file could not be produced until your office executed the confidentiality stipulation.

Given your level of experience in Sec. 1983 cases with this office, the implication that you were unaware of the IAB file when you produced your client for a deposition is, to say the least, disingenuous. Notably, you don't say whether or not you had the IAB file at the time of plaintiff's deposition. Did you have it at that time?

In any event, I cannot expose the County to liability by turning over personnel records of officers this office does not represent and who, correctly or not, object to production of the records. To be quite clear however, we are not raising or endorsing any such objections. We simply cannot be caught in the middle.

Again, I would like to resolve this matter as soon as possible. Again, I suggest a conference call with all counsel next upon Kyle's return.

Arlene S. Zwilling
Assistant County Attorney
Suffolk County Attorney's Office

H. Lee Dennison Bldg.

Hauppauge, New York 11788

(631)853-4055

Arlene.Zwilling@suffolkcountyny.gov


PRIVILEGED & CONFIDENTIAL

ATTORNEY-CLIENT COMMUNICATION/ATTORNEY WORK PRODUCT

INTER-OFFICE/INTRA-AGENCY COMMUNICATION

NOT SUBJECT TO FOIL DISCLOSURE

NOT FOR DISTRIBUTION


**From:** Frederick Brewington <fred@brewingtonlaw.com>
**Sent:** Wednesday, April 17, 2024 3:35 PM
**To:** Zwilling, Arlene <Arlene.Zwilling@suffolkcountyny.gov>; William Nolan <wpnesq@gmail.com>; Anthony LaPinta <amlapinta@rcgllaw.com>
**Cc:** D'Arcangelo, Cheryl <Cheryl.Darcangelo@suffolkcountyny.gov>; Kyle Wood <kwood@rcgllaw.com>; A. Shamel D. Manuel <a.shamel.manuel@brewingtonlaw.com>; Cobia Powell <cobia.powell@brewingtonlaw.com>; Precilla Lockett <precilla.lockett@brewingtonlaw.com>
**Subject:** RE: Supplemental Rule 26 Disclosure

Ms. Zwilling,

  I am not sure what you mean that the County *"stands ready to produce all Internal Affairs material."* You took our client's deposition and withheld this information, how is that fair or just. You skipped over informing us why this report dated in January of 2022 was not mentioned or ever disclosed to our offices. You fail to respond to the details of my letter and fail to discuss any aspect of the clear violations in which defendants have engaged. Acts that have so prejudiced Plaintiff and stained the scope and progress of this litigation that the impact cannot be fully articulated. Your declaration about what you are ready to do is of little effect given what you have already failed to do. This level of abuse of the rules is clearly sanction-able and is important for the court and the community to be informed of. I suggest that you provide me with responses. We have given you the courtesy of being placed on notice. Your response to what we have set forth in our letter and here in this email is what is needed now. If you are claiming some form of protection for the violations Defendants have committed, you should state what those are to the Court and not blow smoke giving us vague and undefined phrases. We are entitled to know now and nothing less is acceptable.

**Frederick K. Brewington, Esq.**
**Law Offices of Frederick K. Brewington**
556 Peninsula Boulevard

Hempstead, New York 11550
Email: fred@brewingtonlaw.com
Website: www.brewingtonlaw.com
Office Phone: 516-489-6959
Fax Number: 516-489-6958
*Pronouns: He/Him/His*

CONFIDENTIALITY NOTE:  The information contained in this e-mail transmission is covered by the
Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. Unauthorized
review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient,
please contact the sender at (516) 489-6959, or by reply e-mail and destroy all copies of the original
message. Thank you.

**From:** Zwilling, Arlene [mailto:Arlene.Zwilling@suffolkcountyny.gov]
**Sent:** Wednesday, April 17, 2024 3:07 PM
**To:** William Nolan <wpnesq@gmail.com>; Anthony LaPinta <amlapinta@rcgllaw.com>
**Cc:** Frederick Brewington <fred@brewingtonlaw.com>; D'Arcangelo, Cheryl
<Cheryl.Darcangelo@suffolkcountyny.gov>; Kyle Wood <kwood@rcgllaw.com>; A. Shamel D.
Manuel <a.shamel.manuel@brewingtonlaw.com>; Cobia Powell
<cobia.powell@brewingtonlaw.com>; Precilla Lockett <precilla.lockett@brewingtonlaw.com>
**Subject:** Re: Supplemental Rule 26 Disclosure

The County stands ready to produce all Internal Affairs material. However, we
obviously cannot waive any objections that individual defendants not
represented by this office may have. As per Bill's email, his client does have
objections.

Given that Kyle is out of the office until next week, perhaps we should have a
conference call next week to see if all such objections can be resolved.

Arlene S. Zwilling
Assistant County Attorney
Suffolk County Attorney's Office
H. Lee Dennison Bldg.
Hauppauge, New York 11788
(631)853-4055
Arlene.Zwilling@suffolkcountyny.gov

ATTORNEY-CLIENT COMMUNICATION/ATTORNEY WORK PRODUCT

INTER-OFFICE/INTRA-AGENCY COMMUNICATION

NOT SUBJECT TO FOIL DISCLOSURE

NOT FOR DISTRIBUTION

---

**From:** William Nolan <wpnesq@gmail.com>

**Sent:** Wednesday, April 17, 2024 2:41 PM

**To:** Anthony LaPinta <amlapinta@rcgllaw.com>

**Cc:** Frederick Brewington <fred@brewingtonlaw.com>; D'Arcangelo, Cheryl <Cheryl.Darcangelo@suffolkcountyny.gov>; Kyle Wood <kwood@rcgllaw.com>; Zwilling, Arlene <Arlene.Zwilling@suffolkcountyny.gov>; A. Shamel D. Manuel <a.shamel.manuel@brewingtonlaw.com>; Cobia Powell <cobia.powell@brewingtonlaw.com>; Precilla Lockett <precilla.lockett@brewingtonlaw.com>

**Subject:** Re: Supplemental Rule 26 Disclosure

Fred:

I am also requesting an extension to 4/24 to respond to your letter. Based on the IAB report you produced, I will be raising issues of privilege, confidentiality and statutory privilege based on dismissal of my clients criminal proceeding.

Thank you,

Bill

WILLIAM P. NOLAN, ESQ.
666 Old Country Road, Suite 207
Garden City, New York 11530
Tel: (516) 280-6633
Fax: (516) 977-1977
wpnesq@gmail.com

PLEASE NOTE OUR NEW ADDRESS ABOVE.

On Mon, Apr 15, 2024 at 8:27 PM Anthony LaPinta <amlapinta@rcgllaw.com> wrote:

Fred. Thank you for copying me on these emails. Please know that my associate, Kyle Wood, is out of the country and will be returning to the office next Monday. He is the lead attorney on this case for defendant Bubeck. Would you consider extending your deadline an additional week, to 4/24, in light of his absence? Best, Tony

**Anthony M. La Pinta, Esq.**
**200 Motor Parkway, C-17**
**Hauppauge, NY 11788**

**Tel:  631-231-1199**
**Cell: 516-606-8628**
**Fax: 631-300-4380**
**amlapinta@rcgllaw.com**
**lapintalaw.com**

On Apr 15, 2024, at 7:18 PM, Frederick Brewington
<fred@brewingtonlaw.com> wrote:

Dear Counsel,
   Attached please find our letter and supplemental disclosures pursuant to Rule
26.

Frederick K. Brewington, Esq.
Law Offices of Frederick K. Brewington
556 Peninsula Boulevard
Hempstead, New York 11550
Email: fred@brewingtonlaw.com<mailto:fred@brewingtonlaw.com>
Website: www.brewingtonlaw.com<http://www.brewingtonlaw.com/>
Office Phone: 516-489-6959
Fax Number: 516-489-6958
Pronouns: He/Him/His

CONFIDENTIALITY NOTE:  The information contained in this e-mail
transmission is covered by the Electronic Communications Privacy Act, 18
U.S.C. 2510-2521 and is legally privileged. Unauthorized review, use,
disclosure or distribution is strictly prohibited. If you are not the intended
recipient, please contact the sender at (516) 489-6959, or by reply e-mail and
destroy all copies of the original message. Thank you.
<Cruz,C- Counselors V1.04-15-2024.pdf>
<CRUZ SUPPLEMENTAL DISCLOSURES.PDF>
<cruz-iab.04-15-2024.pdf>

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand

protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

# EXHIBIT C

## Frederick Brewington

| | |
|---|---|
| **From:** | Frederick Brewington |
| **Sent:** | Thursday, April 18, 2024 11:00 AM |
| **To:** | 'Zwilling, Arlene'; William Nolan; Anthony LaPinta |
| **Cc:** | Kyle Wood; A. Shamel D. Manuel; Cobia Powell |
| **Subject:** | RE: Supplemental Rule 26 Disclosure |

**Importance:**        High

Ms. Zwilling,

You have made my point. You now admit that you had the IAB (File) on July 21, 2023. However, you did not affirm that the IAB investigation had been concluded and that there was indeed a IAB report with findings in October of 2023. Then at no time did you serve any IAB documents, no less the IAB Report. Please advise if there was any discussion with the County and the other individual Defendants before this time. Your attempt to shift the discussion away from your non-disclosure to objections raised by other defendants is not the issue that is before us. If the other Defendants, have objections they can raise those, however, their positions do not address the failure to produce or even attempt to produce the IAB file and IAB Report. Clearly, the attempt to avoid the issue at hand is not acceptable.

Meeting and conferring does not obviate the need for Suffolk to address the non-disclosure of the Report, no less any IAB documents and telling Plaintiff that "*Objection on ground of irrelevance. Will be produced pursuant to a stipulated order of confidentiality*." First, your objection as to relevancy is nonsensical, and second you failed to do what you said you would do. As an aside, it is also problematic that all the documents you have provided are not numbered and cannot be so identified by any other marker. The failure to provide the documents before you went ahead and took our client's deposition continues to be extremely problematic. The need for everything you have manufactured to harm this process needs to be addressed. Contrary to you attempt to create a false narrative, the County in not being caught in the middle. The County has actually been in the front of this entire matter and continues to be driving this matter. Since this document did not come to us in the regular course of discovery and is not being designated by us as confidential, we expect any objects to be promptly and appropriately raised. I am willing to meet and confer on Tuesday 4/23 at 1:00 p.m.

**Frederick K. Brewington, Esq.**
**Law Offices of Frederick K. Brewington**
556 Peninsula Boulevard
Hempstead, New York 11550
Email: fred@brewingtonlaw.com
Website: www.brewingtonlaw.com
Office Phone: 516-489-6959
Fax Number: 516-489-6958
*Pronouns: He/Him/His*

CONFIDENTIALITY NOTE: The information contained in this e-mail transmission is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender at (516) 489-6959, or by reply e-mail and destroy all copies of the original message. Thank you.

**From:** Zwilling, Arlene [mailto:Arlene.Zwilling@suffolkcountyny.gov]
**Sent:** Thursday, April 18, 2024 10:05 AM
**To:** Frederick Brewington <fred@brewingtonlaw.com>; William Nolan <wpnesq@gmail.com>; Anthony LaPinta <amlapinta@rcgllaw.com>

# EXHIBIT D

RECEIVED

The Law Offices of Frederick Brewington
556 Peninsula Blvd.
Hempstead, N.Y. 11550

LAW OFFICES OF
FREDERICK K. BREWINGTON

May 8, 2024

Dear Mr. Brewington,

I am a criminal justice reporter with Newsday, and I am writing to you today to request access to and copies of the Suffolk County Police Department's Internal Affairs Bureau records, witness statements and any other documents you have have related to the arrest of your client, Christopher Cruz, on Feb. 23, 2021, in Mount Sinai, N.Y.

Please call me by phone or email if you have any questions about my request, as well as when I can pick up the requested documents.

Let me know if there are any fees associated with this request. This information will be used solely for news gathering and reporting purposes.

Sincerely,

Michael O'Keeffe
Newsday
1405 8th Ave. #2B
Brooklyn, N.Y. 11215

917-796-9643
Michael.OKeeffe@newsday.com