# WILLIAM P. NOLAN, ESQ.
666 OLD COUNTRY ROAD, SUITE 207
GARDEN CITY, NEW YORK 11530

TEL: (516) 280-6633
FAX: (516) 977-1977

wpnesq@gmail.com

OF COUNSEL
WILLIAM S. PETRILLO, P.C.

Honorable Arlene R. Lindsay
United States Magistrate Judge
United States District Court
814 Federal Plaza
Central Islip, NY 11722

July 25, 2024

Re: Cruz v. County of Suffolk et al
Dkt. No. 22-CV-993 (ARL)

Dear Judge Lindsay:

Please be advised that this firm represents Police Officer Matthew Cameron, and this will serve as our opposition to Mr. Brewington's pre-motion letter seeking sanctions as to the defendants. Initially, we do not oppose Mr. Brewington's request for an extension to complete discovery.

By way of background on February 24, 2021, Plaintiff Christopher Cruz after fleeing from Suffolk County Police Officers was arrested for operating a stolen Jeep and other crimes. Thereafter, an investigation surrounding the arrest of Mr. Cruz was conducted and Police Officer Cameron was arrested for filing a false report. All criminal charges brought against Police Officer Matthew Cameron were dismissed and sealed. On January 24, 2024, the parties entered into a stipulation of confidentiality regarding all documents produced in this action.

Significantly, Mr. Brewington failed to inform the Court that this office did not receive a CD containing the over 1200 documents and electronic files from the Suffolk County Attorney's Office until April 25, 2024. At that time, a complete review of the documents and electronic files was conducted and as was discussed with Mr. Brewington a number of objections were made concerning the IAB report and accompanying documents as it pertained to Officer Cameron.

In preparation for the depositions of the parties, this office contacted Assistant County Attorney Arlene Zwilling on February 26, 2024, to determine if the County was in possession of an Internal Affairs Report concerning the February 24, 2021 arrest of Mr. Cruz. On February 29, 2024, after reviewing a copy of the Internal Affairs Report and an attachment list provided by Ms. Zwilling this office contacted Ms. Zwilling to discuss the fact that the complete Internal Affairs report along with the attachments including documents, photographs, linked digital attachments, compact disc attachment and linked audio attachments were not provided. As part of this initial review, it was discovered that Officer Cameron's grand jury testimony was improperly produced by the Suffolk County District Attorneys office to the Internal Affairs investigator. The grand jury minutes was one of the many attachments to the Internal Affairs

Report. Ms. Zwilling indicated that it would take some time to obtain the complete report with attachments as the Suffolk County Police Department was in possession of the attachments.

On April 23, 2024, a meet and confer was held with the parties to discuss the production of the Suffolk County Police Departments Internal Affairs Report and attachments. As Suffolk County is the custodian of the records it was discussed that the individually named police officers and their counsel were not in possession of the complete Internal Affairs Report. In particular, the individual defendant police officers were not in possession of the attachments listed on the attachment list to the Internal Affairs Report. Additionally, I discussed that I would raise issues and objections concerning the improper production of Officer Cameron's grand jury testimony and the reliance of this testimony by the Internal Affairs investigator in making determinations as to Officer Cameron. It was agreed that the Suffolk County Attorney's Office would have CDs of the complete Internal Affairs Report and attachments available for pick up on April 25, 2024.

On May 1, 2024, I informed the parties that my review of the approximately 1200 pages was ongoing and that I would complete same by early next week and would be raising objections to certain parts of the Internal Affairs Report and the attachments. On May 7, 2024, I hand delivered a letter stating the various objections that were being raised along with a CD containing documents and electronic files that were provided by the Suffolk County Attorney office to Mr. Brewington. Annexed as Exhibit A is a copy of the May 7, 2024 letter.

As delineated in my May 7, 2024 letter to Mr. Brewington, the objections and redactions are based on violations of Penal Law 215.70, Criminal Procedure Law 190.25 (4) and Criminal Procedure Law 160.50. In particular, the Suffolk County District Attorney's Office improperly, illegally and in violation of Penal Law Section 215.70 (unlawful grand jury disclosure), provided a copy of Police Officer Cameron's grand jury testimony to the Internal Affairs investigator conducting an investigation into the arrest of Christopher Cruz. A person is guilty of unlawful grand jury disclosure when, being a grand juror, a public prosecutor......or other public servant having official duties in or about a grand jury room or proceeding, or a public officer or public employee, he intentionally discloses to another the nature or substance of any grand jury testimony...... which is required by law to be kept secret, except in the proper discharge of his official duties or upon written order of the Court. See Penal Law Section 215.70. So strong are the principles of grand jury secrecy and the policies underlying it that unauthorized disclosure of grand jury evidence is a felony in New York. Additionally, a presumption of confidentiality attaches to the record of Grand Jury proceedings. See Matter of James v. Donovan, 130 AD3d 1032 (2nd Dept. 2015) See CPL 190.25 (4) Grand Jury proceeding is secret....

The production of Police Officer Cameron's grand jury minutes and any arrest documents pertaining to the arrest of Officer Cameron was also improper and a violation of Criminal Procedure Law Section 160.50 Order upon termination of criminal action in favor of the accused, as the charges were dismissed and sealed.

Thank you for the Court's time and consideration. If you should have any questions, please do not hesitate to contact me.

Very truly yours,

WILLIAM P. NOLAN, ESQ.

By. *William P. Nolan*
William P. Nolan

To:

Frederick Brewington, ESQ.
The Law Office of Frederick K. Brewington
556 Peninsula Boulevard
Hempstead, New York 11550

Kyle Wood, ESQ.
Reynolds, Caronia, Gianelli & LaPinta, P.C.
200 Vanderbilt Motor Parkway, Suite C-17
Hauppauge, New York 11788

Arlene S. Zwilling, ESQ.
Suffolk County Attorney Office
100 Veteran Memorial Highway
Hauppauge, New York 11788