

THE LAW OFFICES OF
# FREDERICK K. BREWINGTON

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

Frederick K. Brewington                                                    Of Counsel
Albert D. Manuel III                                                       Oscar Holt III
Cobia M. Powell                                                            Jay D. Umans

December 18, 2024

*VIA ECF*
Honorable Arlene R. Lindsay
United States Magistrate Judge
United States District Court
814 Federal Plaza
Central Islip, NY 11722

          **Re:**     ***Cruz v. County of Suffolk, et.al.***
                 ***Docket No.: CV-22-993 (ARL)***

Dear Judge Lindsay:

     As your records reflect, we are the attorneys representing the Plaintiff, Christopher Cruz, in the above-referenced action. We write in opposition to a dual pronged application by Defendant Cameron seeking a protective order as to "the production and use of grand jury testimony and statutorily sealed arrest records" relating to himself. Further, Defendant Cameron seeks to have the instant motion filed under seal. To this request we also object and oppose such that application.

## BRIEF FACTUAL BACKGROUND

     This case arises out of an initial event which occurred on or about February 24th 2021, at approximately shortly after midnight, at or around the vicinity of Canal Road and Strathmore Ct. Drive, Brookhaven, New York in the County of Suffolk, State of New York. The instant action was filed in 2022. After a full round of what Plaintiff understood to be completed document disclosure and production and the beginning of the scheduling and taking of depositions a serious event occurred. After the taking of Mr. Cruz's deposition, but before the conducting of any of the depositions of the Defendants, on March 25, 2024 our office received an anonymous envelope which was addressed to our office and bore a return address of our office. That envelope was opened with caution as there have been several incidents of hate and acts of intimidation that we have experienced through the mail. Once opened, enclosed we found a copy of a Suffolk County Police Department Internal Affairs Report and findings relating to the subject matter of the instant lawsuit. Initially, it was stamped in during the regular course of business and believed to be disclosure coming from the County Defendants. Upon a more careful review, it became clear that this item was not from any of the Defendants in this case and was not coming to our office as part of the disclosure obligations of the Defendants. We then checked our files to confirm that this document had not been disclosed before, with the conclusion that it had not.

The evaluation of this document, which contained only 50 pages essentially left our jaws on the floor and raised a myriad of questions. First, we had never been advised by any of the Defendants of the existence of this document or any documents relating to an Internal Affairs Investigation, no less a report having been issued. The examination served to inform us that this report contained some 19 findings of substantiated wrong doings and violations by a number of Suffolk County Police Officers including Defendant Cameron, and referenced a number of other items, statements, documents, interviews and correspondence that had not been provided to our office in any fashion including relevant Grand Jury testimony. After an initial evaluation and review of this document, and an in house conferral, we noted that this was a document dated January 30, **2022.** We then rechecked our electronic files and paper files to confirm that in the more than two years since the filing of this case, that this document had not been disclosed, identified or referenced. Our re-evaluation left us with the determination that the County had not provided this document to us. On April 15, 2024 we then Bates stamped this document and disclosed same to Defendants along with a letter which stated in part :

[E]nclosed please find Plaintiff's Supplemental Disclosures provided pursuant to FRCP 26(A). The disclosure and attached document are provided having been obtained not from Defendants and outside the discovery process. Although previous demands were made to Defendants they have failed to disclose this Internal Affairs Report as they were obligated. Clearly, based on the dates of the document, this is information which was known to Defendants, in their possession, yet not disclosed to Plaintiff. (See Exhibit A)

In that same letter we asked:

Now that we have obtained a copy of this report outside the discovery process and after Defendants' willful failure to disclose it, we do not consider this document confidential. We demand that you inform us under what authority you have withheld this document, why the County Defendants' response to Document Request 19 was "*Objection on grounds of irrelevance and overbreadth.*" (See Exhibit A)

Following that letter, the parties engaged in an exchange of emails, which are contained in Exhibit B. Those exchanges not only referenced the fact that information had been withheld from Plaintiff's Counsel, but also demanded an explanation of under what authority the information, which had come into our possession outside of the discovery process, had been denied to Plaintiff. Counsel for the County seemed to blame the Counsel for the individual Defendants and no satisfactory response was provided as to how and why this failure to disclosed occurred.

After much back and forth, on May 7, 2024, Counsel Defendant Cameron supplied our office with a four page letter of objections and a thumb drive of 1224 pages of documents never produced before by any of the Defendants. All of these documents are critical and should have been known to Plaintiff and his Counsel long before the taking of Plaintiff's deposition, and in fact, should have been clearly identified in Defendants' initial disclosure following the filing of this case, which

apparently took place a month after the IAB report was issued. After conferencing this matter with Your Honor and reestablishing a revised discovery schedule, the instant pre-motion letter was filed on December 2, 2024.

## DEFENDANT CAMERON'S REQUEST FOR A PROTECTIVE ORDER

Upon motion by a person responding to a discovery request, and for good cause shown, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense." [FRCP Rule 26 ( c)]. FRCP Rule 26 ( c) lists the following eight categories of protection available by court order:

· discovery not be had;
· discovery be had on certain conditions including designation of time and place;
· discovery be limited to particular methods;
· discovery be limited in scope;
· persons attending discovery be limited;
· depositions be sealed;
· trade secrets or other confidential research, development, or commercial information not be disclosed or disclosed only in a certain way; or,
· parties simultaneously file discovery under seal. [FRCP Rule 26(c)(A)-(H)]

The trial court has broad discretion over a request for protective orders regarding discovery; the trial court's exercise of this discretion may be reversed only upon a clear showing of abuse of discretion. *Galella v. Onassis*, 487 F.2d 986 (2d Cir. 1973). Under the liberal discovery principles of the federal procedure rules, those who oppose discovery or disclosure thereof carry a heavy burden of showing why discovery should be denied or protected against disclosure. To obtain a protective order, the party resisting discovery or seeking limitations thereon must show "good cause" for its issuance. FRCP Rule 26 ( c)

If the discovery is relevant to plaintiff's claims in the pending action, and that plaintiff's need for the discovery outweighs any alleged privacy interest of defendants or third parties, the information may be produced. *See Unger v. Cohen*, 125 F.R.D. 67, 70-71 (S.D.N.Y. 1989). Contrary to Defendant Cameron's claims (the right to privacy is not absolute, but is "subject to invasion depending upon the circumstances"). In *Bishop v. County of Suffolk*, 248 F. Supp. 3d 381, (E.D.N.Y. March 31, 2017) the Court provided clear direction in this area. Magistrate Tomlinson wrote:

To effectively balance these interests, courts apply the two-prong test established in *King v. Conde* [121 F.R.D. 180 (E.D.N.Y. 1988)]*See, e.g., Coggins v. Cnty. of Nassau*, No. 07-CV-3624, 2014 WL 495646, at *2 (E.D.N.Y. Feb. 6, 2014); *Smith*, 2013 WL 3893380,

3

at *2; *Dorsett*, 762 F.Supp.2d at 532. "Under the first prong of the *King* test, the police bear the burden of making a 'substantial threshold showing' that harm is likely to occur as a result of disclosure of the requested documents." *Dorsett*, 762 F.Supp.2d at 532; *see King*, 121 F.R.D. at 189 (internal quotation marks omitted). "Unless the government, through competent declarations, shows the court what interests of law enforcement or privacy would be harmed, how disclosure under a protective order would cause the harm, and how much harm there would be, the court cannot conduct a meaningful balancing analysis." *Dorsett*, 762 F.Supp.2d at 532 (*quoting King*, 121 F.R.D. at 189) (internal quotations and alterations omitted) (emphasis in original). "The declaration or affidavit submitted must (1) be under oath and penalty of perjury; (2) from a responsible official within the agency who has personal knowledge of the principal matters to be attested to; and (3) upon personal review of the documents." *Id.* "Only upon satisfying this initial threshold showing will a Court turn to the next prong and weigh the factors in favor of and against disclosure." *Id.* (*citing Cody*, 2008 WL 3252081, at *3; *McKenna*, 2007 WL 2071603, at *7). *Bishop* at 389.(citations as in original except as to full citation on *King*)

No offering under the *King* test is put forward by Defendant Cameron. No declarations have been are offered. No explanation of what law enforcement or privacy would be harmed has been presented. Further, no suggestion is made as to how much harm would be caused as result of the disclosure. While Defendant Cameron seeks the Court to protect against the disclosure of information and facts already, at least partially, disclosed he has failed to demonstrate any such entitlement. On the other side of this issue are the needs of and impact on Mr. Cruz in providing his case, which include the following issues involving the County of Suffolk, Office of the District Attorney, Suffolk County Police Department, and the named police officers, including Defendant Cameron:

(1) whether the arrest, charging and prosecution and of Mr. Cruz was proper;
(2) whether the force used by Defendants during the arrest of Cruz was excessive;
(3) whether by failing to intervene on behalf of Cruz while he was being subjected to excessive force, defendant police officers and County of Suffolk breached a duty to intervene;
(4) whether the County of Suffolk and Suffolk County Police Department had a policy and practice of engaging in unlawful race-based discriminatory policing practices at the time of the incident that led to the death of Cruz;
(5) whether the policies and practices of the police department were deficient as to the investigation of police misconduct and to the disciplinary action taken towards officers found to have engaged in misconduct;
(6) whether the Defendants were improperly and unlawfully exonerated criminally without a full and complete investigation;
(7) whether the County of Suffolk, and the Police Officers engaged in abusive process during

the Grand Jury presentation in violation of the Plaintiffs' rights;

(8) whether the County of Suffolk permitted and tolerated a pattern and practice of unjustified, unreasonable, and illegal uses of force, beatings, including but not limited to Hispanic and/or Latino persons by police officers of the County of Suffolk; and

(9) whether the County of Suffolk engaged in systemic policies, flaws, and customs causing the foreseeable abuses and violations suffered by Mr. Cruz.

Defendant Cameron cites to *Martinez v. CPC Intern. Inc.* 88 A.D. 2d 656, 450 N.Y.S.2d 528 (2nd Dept. 1982) for the proposition that the release of a redacted version of grand jury minutes by the special term was an abuse of discretion. However, Defendant fails to acknowledge that the New York State Court of Appeals notes that secrecy of grand jury minutes is "not absolute." *People v. Di Napoli*, 27 N.Y.2d 229, 234 (1999). Reliance on the *Martinez* case is misplaced as a careful reading of that case demonstrates, contrary to Defendant's urging, that there was not wholesale denial of access to the grand jury minutes in that case, but rather that the minutes would be properly governed by the oversight of the trial court on a witness by witness and situation by situation basis. Further, the Court in *Martinez* ruled that "no public interest ha[d] been shown" served as an important part in the determination. That case was a personal injury and wrongful death matter. Of course that is not the case in the instant action. While monetary compensation is sought, the instant case addresses crucial Federal Civil Rights claims founded in Federal Statutes and the United States Constitution, including but not limited to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution. Plaintiff seeks to vindicate himself, his Civil Rights and question the actions of each of the named Defendants as well as the County of Suffolk as to their ongoing pattern and practice of deprivation of the Civil Rights of person who interact with Suffolk Police. It has long been held that federal rules trumping/interplay with CPL 160.50 - *See Haus v. City of NY*, 2006 WL 3375395 at *2, No. 03 Civ. 4915 (RWS)(MHD), SDNY Nov. 17, 2006.

Defendant's reliance on the New York State sealing provisions are equally not controlling as the state sealing statute does not govern here, since the plaintiffs are asserting federal claims. *See Haus v. City of New York*, 2006 WL 1148680, at *2 (S.D.N.Y. Apr. 24, 2006) *(citing inter alia United States v. Goldberger & Dubin, P.C.*, 935 F.2d 501, 505 (2d Cir.1991)); see also Fed.R.Evid. 501; *Von Bulow v. Von Bulow*, 811 F.2d 136, 141 (2d Cir.1987), vacated on other grounds, 828 F.2d 94 (2d Cir.1987); *Fountain v. City of New York*, 2004 WL 941242, at *5-6 (S.D.N.Y. May 3, 2004); *Morrissey v. City of New York*, 171 F.R.D. 85, 92 (S.D.N.Y.1997). Federal law disfavors "privileges barring disclosure of relevant evidence...recognizing important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodies in section 1983."[1] *Zomber v. Village of Garden City*, 2011 WL 3511011, at *2 (E.D.N.Y. Aug. 10, 2011) (internal citations omitted).

---

[1] See 42 U.S.C. § 14141 ("It shall be unlawful for any governmental authority...to engage in a pattern or practice of conduct by law enforcement officers...that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.")

Likewise, Defendant's argument as to some sort of privilege falls flat as questions of privilege in federal civil rights cases are uniformly governed by federal law. *See* Fed.R.Evid. 501; *Von Bulow* at 141; *American Civil Liberties Union of Mississippi v. Finch*, 638 F.2d 1336, 1342–43 (5th Cir.1981); *Kerr v. United States District Court for the Northern District of California*, 511 F.2d 192, 197 (9th Cir.1975), aff'd, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Burke v. New York City Police Dept.*, 115 F.R.D. 220, 224 (S.D.N.Y.1987); *Kelly v. City of San Jose*, 114 F.R.D. 653, 655–56 (N.D.Cal.1987); *Skibo v. City of New York*, 109 F.R.D. 58, 61 (E.D.N.Y.1985).

As the *King* Court clearly articulated:

Simple direct application of the state rule would be undesirable and improper. It would often frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983. *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947); *Gary Plastic Packaging Corp. v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2nd Cir.1985). (*King* at 187)

While stating in conclusory fashion that he is entitled to the protection of the "secrecy of the grand jury system" he makes no specific or compelling showing what harm is to befall him in this search for the truth in this Federal Civil Rights case. Rather, Defendant Cameron takes issue with the Suffolk County Police Department IAB and its investigator who used the grand jury testimony. That of course has nothing to do with Mr. Cruz and his pursuit of his Civil Rights claims. In fact, given his clear exposure in this case and the findings made on dual levels against Defendant Cameron, the truths that will be, and are unveiled by the disclosure of the grand jury testimony is clearly paramount in this case and mandated by the contours of Section 1983 litigation.

We ask that the Court deny the application to move for a protective order and rule that no such protective order will be issued. Thank you in advance for your consideration and courtesy.

Respectfully submitted,

*Frederick K. Brewington*
FREDERICK K. BREWINGTON

FKB.CMP
cc: All Attorneys (*via ECF*)